**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

ANGEL MANUEL PINET,             :
                                     Civil Action No. 10-528 (NLH)
            Petitioner,         :

       v.                       :        **O P I N I O N**

DONNA ZICKEFOOSE, Warden,       :

            Respondent.         :

**APPEARANCES:**

Angel Manuel Pinet, <u>Pro Se</u>
# 08773067
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

**HILLMAN**, District Judge

Petitioner Angel Manuel Pinet, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Because it appears from a review of the petition that this Court lacks jurisdiction to consider this petition, and that it is not in the interest of justice to transfer, this Court will dismiss the petition.  <u>See</u> 28 U.S.C. §§ 1631, 2243, 2244(a), 2255.

**BACKGROUND**

According to the allegations of the petition and previous dockets from Petitioner's prior civil and criminal cases, on December 4, 1998, Petitioner was sentenced by the United States District Court, Middle District of Pennsylvania, to 360 months imprisonment for various drug offenses.  He appealed the conviction and sentence, and the United States Court of Appeals for the Third Circuit affirmed both his conviction and sentence, and affirmed the district court's denial of his motion for reduction of his sentence.

Petitioner filed a motion pursuant to 28 U.S.C. § 2255, which was denied on February 25, 2002.  The denial of the motion was affirmed by the Third Circuit on May 28, 2003, and Petitioner's petition for certiorari to the United States Supreme Court was denied on April 21, 2004.

On September 25, 2006, Petitioner's application with the Third Circuit for permission to file a second or successive § 2255 motion, was denied.

On May 2, 2008, Petitioner filed a motion to reduce his sentence under 18 U.S.C. § 3582 as a crack cocaine offense.  On June 24, 2009, the motion was granted, and Petitioner's sentence was reduced from 360 months to 292 months.  Petitioner appealed the reduction to the Third Circuit, and the resentencing was affirmed.  Petitioner argued in the district court and to the

Court of Appeals for the Third Circuit that his sentence, and resentence, violate his due process rights under Townsend v. Burke, 334 U.S. 726 (1948) by relying on unreliable and false information contained in the Pre-Sentence Report when it calculated his offense level.  Petitioner contended that his base offense was incorrect, and that his sentence should be 188 months, and he should be immediately released.  The Third Circuit found that Petitioner's claims should have been brought as a motion under 28 U.S.C. § 2255 in the sentencing court.  See United States v. Pinet,  2010 WL 104546 (3d Cir. Jan. 13, 2010). Petitioner makes identical arguments in the instant habeas petition, which was filed on January 29, 2010.

## DISCUSSION

**A.    Jurisdiction**

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the

3

face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989);  see also 28 U.S.C. §§ 2243, 2255.

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001).  A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence."  Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date).  See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion under 28 U.S.C. § 2255 has been the "usual avenue" for federal

4

prisoners seeking to challenge the legality of their confinement. See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Congress amended § 2255 as part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). Section 2255 states, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, **or that the sentence was in excess of the maximum authorized by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

(Emphasis added).

In this case, although Petitioner filed his case as a petition for habeas relief pursuant to § 2241, it is clear that his argument that his sentence was in excess of the maximum authorized by law, has its jurisdictional basis under § 2255. As Petitioner's sentencing court was the United States District

Court for the Middle District of Pennsylvania, any § 2255 motion must be brought before that Court.[1]

This Court notes that Petitioner does not allege that despite the fact that he has filed a previous § 2255 motion, he is "actually innocent" and relief under § 2255 now is "inadequate or ineffective."  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).[2]  Nor does Petitioner allege that the crime for which he

---

[1]  A motion to vacate, correct or set aside a sentence under § 2255 must be filed in the sentencing court within one year of the latest of: (1) the date on which the judgment of conviction became final; (2) the date of the removal of any impediment to making such a motion that was created by unlawful government action; (3) the date on which a right asserted by a movant was first recognized by the United States Supreme Court and made retroactive to cases pending on collateral review; or (4) the date on which a movant could have discovered the facts supporting the claim[s] presented through the exercise of due diligence. See 28 U.S.C. § 2255(f).  Furthermore, once a prisoner has filed one § 2255 motion, he may not file a second or successive motion unless he first obtains a certification from a panel of the appropriate Court of Appeals permitting him to do so on the grounds of (1) newly discovered evidence that would clearly and convincingly negate the possibility that a reasonable fact finder would have found the movant guilty of the offense charged, or (2) a previously unavailable and retroactively applicable new rule of constitutional law.  See 28 U.S.C. § 2255(h).

[2]   Section 2255 contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  28 U.S.C. § 2255(e).  In Dorsainvil, the Court of Appeals for the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate

was convicted is now "non-criminal," or that he is "actually innocence" based on a new and retroactive rule of constitutional law or newly discovered facts. To the contrary, Petitioner clearly seeks to challenge his sentence.

Thus, this petition must be construed as a second or successive § 2255 motion, which the Court of Appeals for the Third Circuit has not certified Petitioner to file, and over which this Court lacks jurisdiction.[3]  See 28 U.S.C. § 2255.

---

or ineffective" merely because a petitioner is unable to meet the stringent gatekeeping requirements of § 2255. See id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. See id. at 251-52; see also Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)(resort to § 2241 proper "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim").

[3] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner in this case has already filed § 2255 motions which were addressed by the sentencing court, and because the current petition is itself "second or successive," no purpose would be served by a Miller notice.

**B.   <u>Transfer</u>**

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Because Petitioner does not assert any ground for relief justifying authorization to file a second or successive § 2255 petition, and because Petitioner has filed a petition that was presented to the Third Circuit in his appeal of his resentence, which asserted the exact claims as in this petition, it does not appear that transfer would be in the interest of justice. Accordingly, the petition will be dismissed, without prejudice to Petitioner filing a petition in the Third Circuit for authorization to file a second or successive § 2255 motion.

<u>**CONCLUSION**</u>

For the reasons set forth above, this action will be dismissed.  An appropriate order follows.

<u>/s/ Noel L. Hillman</u>
NOEL L. HILLMAN
United States District Judge

Dated: April 21, 2010
At Camden, New Jersey